UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Carpenters Pension Fund, et al, | ) | |
|                       Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 08-1184 |
| | ) | |
| Tabitha Ventures, Inc., and Oladiran Edward Taiwo, | ) | |
|                       Defendant | ) | |

**ORDER**

Now before the Court is a motion (#10), purportedly by both Defendants, asking this Court to reconsider its prior order directing the corporate defendant to obtain counsel. For the following reasons, the motion is denied.

Although 28 U.S. 1654[1] protects the individual's right to conduct his or her own case personally, that right has never been enlarged to permit the individual to act on behalf of or as an agent for a party corporation. <u>Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County</u>, 543 F.2d 32, 34 (7th Cir. 1976). The statute allows only two types of representations: that by an attorney representing another, and that by a lay person representing himself. The statute does not permit unlicensed laymen to represent anyone other than themselves.

A corporation has a legal existence entirely separate from the existence of its shareholders and owners. Thus it is true without exception that a corporation cannot be represented by anyone other than a licensed attorney when appearing in federal court. <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993); <u>Mendenhall v. Goldsmith</u>, 59 F.3d 685, 687 n. 1 (7th Cir.1995);

---

[1] 28 U.S. §1654 reads: "In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir.2003); Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir.1985), cert. denied, 475 U.S. 1147 (1986).

While the court is sympathetic to Mr. Taiwo's financial difficulties, he "chose to accept the advantages of incorporation and must now bear the burdens of that incorporation; thus he must have an attorney present the corporation's legal claims." Lattanzio v. COMTA, 481 F.3d 137, 140 (2nd Cir. 2007).

The motion [#10] to reconsider this Court's prior order, directing the corporation to obtain counsel, is denied. The deadline for obtaining counsel is extended for 30 days, to November 10, 2008. Failure to obtain counsel by that date may result in entry of default against the corporation. ENTERED ON October 8, 2008

                                              s/ John A. Gorman

                                      JOHN A. GORMAN
                                      UNITED STATES MAGISTRATE JUDGE